**BLISS DAIRY, INC., an Arizona Corporation, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 79–3318.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 1981.

Decided May 11, 1981.

Rehearing and Rehearing En Banc Denied July 31, 1981.

---

\* Honorable Dudley B. Bonsal, United States Senior District Judge for the Southern District of

Karl P. Fryzel, Atty. Tax Div., Washington, D. C., argued, for defendant-appellant; Gilbert E. Andrews, Washington, D. C., on brief.

James Silhasek, Wales & Plattner, P. C., Phoenix, Ariz., for plaintiff-appellee.

Before FERGUSON and REINHARDT, Circuit Judges, and BONSAL,\* District Judge.

PER CURIAM:

The Government appeals from an order of the United States District Court for the District of Arizona granting the motion of plaintiff Bliss Dairy, Inc. ("the corporation") for summary judgment. The sole issue presented in this appeal is whether the district court erred in refusing to apply the "tax benefit" rule to a distribution of assets of a corporation in liquidation pursuant to Sections 333 and 336 of the Internal Revenue Code of 1954 ("the Code").

The corporation was organized under Arizona law in 1971; as of July 1973, all outstanding shares were held by Mrs. Irene Bliss, her daughter, and her son-in-law. During its fiscal year ending on June 30, 1973, the corporation paid $150,199 for cattle feed for use in its dairy operations, for which it claimed a full tax deduction on its 1973 return in accordance with its cash method of accounting.

New York, sitting by designation.

On July 2, 1973, immediately after the commencement of its next fiscal year, the corporation adopted a plan of liquidation pursuant to Sections 333 and 336 of the Code. Accordingly, during the month of July 1973, the corporation distributed its assets to its shareholders in proportion to their ownership interest. Among the assets so distributed in accordance with the plan of liquidation was cattle feed valued at $56,565. The value of this feed had been deducted by the corporation in its preceding fiscal year. The shareholders, who continued to operate the dairy business, computed their basis in the feed pursuant to Section 334(c) of the Code and then claimed deductions on their 1973 individual income tax returns.

The Commissioner of Internal Revenue increased the corporation's gross income by $60,000 for its final fiscal year. The corporation paid this assessment and filed a suit for refund. The district court, feeling bound by our decision in *Commissioner v. South Lake Farms, Inc.*, 324 F.2d 837 (9th Cir. 1963), granted the corporation's motion for summary judgment. The Government appeals, and we affirm.

The district court correctly concluded that it was bound by our decision in *South Lake Farms, supra.* There, we declined to apply the tax benefit rule [1] to a liquidation pursuant to Sections 332 and 336 of the Code because the liquidating corporation received no economic benefit from the transfer of its assets to a successor corporation. South Lake Farms, Inc. ("South Lake") was engaged in farming. Another party, South Lake Farms, purchased all of the stock of South Lake with the intent of liquidating it. The purchase price of the stock reflected the value of certain expenses incurred in the preparation of crops by South Lake, which was then liquidated. The assets were distributed before the time of harvest. In its final tax return, South Lake deducted the expenses incurred in preparing the crops but reported no income in connection with the transfer of the crops, which were harvested after liquidation. We held that since the proceeds of the sale of the stock of South Lake went to its shareholders, South Lake itself received no benefit:

> "Nowhere in the Code do we find an intent that gains to the stockholders were to be attributed to the corporation, much less that they were to be treated as ordinary income to the corporation." *South Lake Farms, supra,* at 839

As in *South Lake Farms,* here there was no sale of assets by the liquidated corporation; rather, assets were distributed to stockholders during liquidation. Accordingly, Section 336 of the Code prevents the recognition of the value of the distributed feed as income to Bliss Dairy, Inc.

Recent decisions in the Courts of Appeals of other circuits are in conflict with our holding in *South Lake Farms. See Tennessee-Carolina Transportation, Inc. v. C. I. R.,* 582 F.2d 378 (6th Cir. 1978), *cert. denied,* 440 U.S. 909, 99 S.Ct. 1219, 59 L.Ed.2d 457 (1979); *First Trust and Savings Bank of Taylorville v. United States,* 614 F.2d 1142 (7th Cir. 1980); *Hillsboro National Bank v. Commissioner,* 641 F.2d 529 (7th Cir. 1981). However, we adhere to our decision in *South Lake Farms.*

Accordingly, the judgment of the district court is AFFIRMED.

---

1. The tax benefit rule, which is of judicial origin, *see Alice Phelan Sullivan Corp. v. United States,* 381 F.2d 399, 402–03, 180 Ct.Cl. 659 (1967), and has been indirectly acknowledged in Section 111 of the Code, is to be applied when an amount deducted from a taxpayer's gross income in one taxable year is recovered in a later year. The amount recovered must be included as income in the later year.